IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDI BRENT WHITEHEAD,

    Plaintiff,

vs.                                    CASE NO.:   8:13-cv-2845-T-30MAP

CITY OF BRADENTON, BRADENTON POLICE
DEPARTMENT, THE ROTARY CLUB OF WEST
BRADENTON, INC., WALTER SCOTT REED,
MATTHEW PALMER, in his individual capacity
as a Bradenton Police Officer, and BRIAN THIERS,
in his individual capacity as a Bradenton Police Officer,

    Defendants.
_____/

## CITY OF BRADENTON'S
## MOTION TO DISMISS COMPLAINT

COMES NOW, Defendant, CITY OF BRADENTON, by and through its undersigned counsel, and files its Motion to Dismiss Complaint, and as good cause in support thereof, Defendant would show:

1. Plaintiff has filed suit against the CITY OF BRADENTON, asserting a § 1983 claim for alleged violation of civil rights.

2. The CITY OF BRADENTON is not vicariously liable for a violation of Plaintiff's civil rights.

3. Plaintiff's only assertion against the CITY OF BRADENTON is that the "City of Bradenton…failed to properly train [its] officers, supervise [its] officers and ensure they did not violate the Constitutional rights of citizens while working in off duty

capacities as an extension of the scope of their regular duties." *See* Plaintiff's Complaint, ¶ 24.

WHEREFORE, Defendant, CITY OF BRADENTON, respectfully requests that this Honorable Court enter an Order dismissing the claim against this Defendant.

## INCORPORATED MEMORANDUM OF LAW

"[I]n order to be held liable for a § 1983 violation, a municipality must be found to have *itself* caused the constitutional violation at issue; it cannot be found liable on a vicarious liability theory." Skop v. City of Atlanta, GA, 485 F.3d 1130, 1145 (11th Cir. 2007). A "[c]ity is not automatically liable under section 1983 even if it inadequately trained or supervised its police officers and those officers" violate a plaintiff's constitutional rights. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). "Instead, the Supreme Court has explained that there are only 'limited circumstances' in which an allegation of a failure to train or supervise can be a basis for liability under § 1983." Id. Liability occurs only when the failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights. Id.

Plaintiff's Complaint has failed to make the allegations necessary to support municipal liability. The CITY OF BRADENTON should be dismissed from this action unless and until the Plaintiff can make the showing necessary to impose municipal liability on this Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 14, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served a copy by pdf e-mail

and regular U.S. mail on Randi Brent Whitehead, pro se, (randiwhitehead@gmail.com), 5201 Tavel Street, Orlando, Florida 32821 and Susan M Wilson, Esquire and Erin M. Diaz, Esquire (SWilson1@wickersmith.com; EDiaz@wickersmith.com), Wicker Smith O'Hara McCoy & Ford P.A., 100 North Tampa Street, Suite 1800, Tampa, FL   33602.

/s/JEFFREY D. JENSEN
**JEFFREY D. JENSEN, ESQUIRE**
Florida Bar Number: 0021017 - jjensen@unicesalzman.com
**T.R. UNICE, JR., ESQUIRE**
Florida Bar Number: 358169 - trunice@unicesalzman.com
**UNICE SALZMAN, P.A.**
2570 Coral Landings Boulevard, Suite 201
Palm Harbor, Florida 34684
Phone (727)723-3772
Fax (727)723-1421
Attorneys for Defendants

00205459.DOCX