# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RANDI BRENT WHITEHEAD,**

      **Plaintiff,**

**v.**                                                   **Case No.  8:13-cv-2845-T-30MAP**

**CITY OF BRADENTON, et al.**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants The Rotary Club of West Bradenton, Inc. ("the Rotary Club") and Walter Scott Reed's Motion to Dismiss Complaint (Dkt. 18) and Defendant City of Bradenton's Motion to Dismiss Complaint (Dkt. 19). *Pro se* Plaintiff Randi Brent Whitehead has not responded to the motions.[1]  The Court, having reviewed the motions and the record, and being otherwise advised of the premises, concludes that the motions to dismiss should be granted.

### *Background*

While attending a social function sponsored by the Rotary Club,  Plaintiff alleges that she was forcibly removed from her seat and repeatedly knocked to the ground by Matthew Palmer and Brian Thiers, off-duty officers with the Bradenton Police Department.  Plaintiff

---

[1] Plaintiff was represented at the time her Complaint was filed (Dkt. 1).  On January 21, 2014, the magistrate judge permitted Plaintiff's counsel to withdraw (Dkt. 4).

alleges that Walter Scott Reed was supervising the event on behalf of the Rotary Club. Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against the City of Bradenton, Thiers, and Palmer for unlawful seizure and excessive force (Count I) and negligence claims against the Rotary Club and Reed (Count II).[2]

### *Standard*

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2199-200 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading  as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### *Discussion*

### *1.    City of Bradenton*

In Count I, Plaintiff alleges that the City failed to properly train and supervise its officers to ensure that they did not violate the Constitutional rights of citizens while working

---

[2] This Court previously granted the Bradenton Police Department's motion to dismiss (Dkt. 14). Defendants Thiers and Palmer have filed answers and affirmative defenses (Dkts. 25, 26).

in off-duty capacities (Dkt. 1 ¶¶ 24-25).  In the motion to dismiss, the City of Bradenton argues that it cannot be held liable under 42 U.S.C. § 1983 for a failure to train or supervise unless such failure to train or supervise constitutes a City policy.

Under § 1983, municipalities such as the City may not be held liable under a theory of *respondeat superior.  Sauls v. Pierce Cnty. Sch. Dist.*, 399 F.3d 1279, 1287 (11th Cir. 2005).  Rather, "[t]o impose liability on a municipality under § 1983, the plaintiff must identify a municipal 'policy' or 'custom' causing the deprivation of federal rights."  *Id.*  "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (internal quotation marks omitted). In actions involving a failure to train, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983."  *City of Canton v. Harris*,  489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989).

In the Complaint, Plaintiff fails to allege any facts indicating that the City has the requisite custom or policy, nor has Plaintiff alleged facts demonstrating deliberate indifference (*see generally* Dkt. 1).  The City's motion to dismiss is therefore granted, and Count I is dismissed without prejudice as to the City of Bradenton.

**2.     *The Rotary Club and Reed***

In Count II, Plaintiff alleges that the Rotary Club and Reed breached their duty to her by failing to properly screen, select, and supervise the officers working at the event, which caused a violation of her Constitutional rights (Dkt. 2 ¶¶ 15, 27-29). Plaintiff further alleges that Palmer and Thiers were acting in their capacity as off-duty Bradenton police officers (Dkt. 1 ¶¶ 2, 7, 24).

As an initial matter, the Rotary Club and Reed maintain that this Court does not have subject matter jurisdiction over the state-law negligence claim in Count II.  However, pursuant to 28 U.S.C. § 1367, in any civil action in which a district court has original jurisdiction, a district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

Here, the Court has original jurisdiction over the § 1983 claim against the remaining defendants, Thiers and Palmer.  That claim involves the same operative facts as the negligence claim against the Rotary Club and Reed, as both claims involve the conduct of Thiers and Palmer.  Accordingly, at this juncture, the Court exercises its discretion to retain jurisdiction over the state-law negligence claim.  *See* 28 U.S.C. § 1367(b); *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997).

The Rotary Club and Reed also argue, more persuasively, that Plaintiff fails to state a claim for negligence.  As a general rule, "the employer of an independent contractor is not liable for the negligence of the independent contractor because the employer has no control over the manner in which the work is done." *Suarez v. Gonzalez*, 820 So. 2d 342, 344 (Fla. 4th DCA 2002).  Nonetheless, this rule is "riddled with exceptions." *Id.* (internal quotation marks omitted).  For instance, a party may be liable: (1) under an actual or apparent agency theory; (2) for negligent selection or retention; or (3) when the contractor is performing non-delegable duties. *See Wax v. Tenet Health Sys. Hosps., Inc.*, 955 So. 2d 1, 8 (Fla. 4th DCA 2006); *In re Standard Jury Instructions in Civil Cases*, 35 So. 3d 666, 709 (Fla. 2010).

Although not a model of clarity, Plaintiff's Complaint appears to be invoking a negligent selection theory.  In order to state a claim for negligent selection, "a plaintiff must generally plead ultimate facts showing: (1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Davies v. Commercial Metals Co.*, 46 So. 3d 71, 73-74 (Fla. 5th DCA 2010).  In the Complaint, Plaintiff fails to plead any facts supporting these elements.

To the extent that Plaintiff is alleging that the Rotary Club and Reed did retain control over Thiers and Palmer and negligently supervised them as employees (*e.g.*, Dkt. 1 ¶¶ 1, 6), Plaintiff fails to allege the elements of a claim for negligent supervision.  Similar to a negligent selection claim, a negligent supervision claim requires that the employer "knows

or should know of an employee's unfitness and fails to take further action such as investigating, discharge or reassignment." *Malicki v. Doe*, 814 So. 2d 347, 362 & n.15 (Fla. 2002). Plaintiff pleads no facts suggesting that the Rotary Club or Reed had the necessary knowledge.

Finally, Plaintiff fails to state a claim against the Rotary Club and Reed based on their own failure to ensure Plaintiff's safety at the event. Florida courts impose a limited duty with respect to preventing intentional or criminal acts of third parties, which arises only when the defendant knew or should have known of the potential for the intentional tort or criminal act. *See Sunshine Birds & Supplies, Inc. v. U.S. Fid. & Guar. Co.*, 696 So. 2d 907, 911 n.7 (Fla. 3d DCA 1997). Again, Plaintiff alleges no facts indicating that the Rotary Club or Reed knew or should have known that Thiers or Palmer would engage in the alleged acts.

For the foregoing reasons, the Rotary Club and Reed's motion to dismiss is granted, and Count II is dismissed without prejudice.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants The Rotary Club of West Bradenton, Inc. and Walter Scott Reed's Motion to Dismiss the Complaint (Dkt. 18) is granted.

2.      Defendant City of Bradenton's Motion to Dismiss the Complaint (Dkt. 19) is granted.

3.      The claims against the City of Bradenton, The Rotary Club of West Bradenton, Inc., and Walter Scott Reed are dismissed without prejudice.  The claims against Matthew Palmer and Brian Thiers remain at issue.

**DONE** and **ORDERED** in Tampa, Florida on August 25, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
*Pro Se* Plaintiff
Counsel of Record

KM:sa