UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDI BRENT WHITEHEAD,

    Plaintiff,

v.                                                      Case No: 8:13-cv-2845-T-30MAP

CITY OF BRADENTON, THE ROTARY
CLUB OF WEST BRADENTON, INC.,
WALTER SCOTT REED, MATTHEW
PALMER and BRIAN THIERS,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendant City of Bradenton's Motion for Sanctions Pursuant to Rule 11 (Dkt. #31) and Plaintiff's Response in Opposition to the Motion (Dkt. #33). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

### *Background*

Plaintiff Randi Brent Whitehead, a Florida licensed attorney, brought this complaint alleging several violations of civil rights due to her arrest by Bradenton police officers. Plaintiff was represented when she filed her Complaint (Dkt. #1). On January 21, 2014, the court permitted counsel to withdraw (Dkt. #4). Plaintiff brought a claim against Defendant, the City of Bradenton (the "City") alleging liability under 42 U.S.C. § 1983 due to its failure to properly train and supervise its officers to ensure that they did not violate the

constitutional rights of citizens while working in off-duty capacities. The City sent Whitehead a letter indicating that her claim violated Rule 11 of the Federal Rules of Civil Procedure, and requested its dismissal. Whitehead did not dismiss the claim as requested. The City filed a Motion to Dismiss (Dkt. #19) arguing that the City could not be held liable unless such failure to train or supervise constitutes a City policy. This Court dismissed the claim for failure to state a cause of action (Dkt. #30). Specifically, the Court noted that Whitehead did not allege any facts indicating that the City had the requisite custom or policy, or any facts demonstrating the City's deliberate indifference.

## *Discussion*

Pursuant to Federal Rule of Civil Procedure 11(b), any individual who files a pleading, written motion, or other paper with the Court implicitly certifies that, to the best of that person's knowledge after a reasonable inquiry:

> (1) [the paper] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11's "safe harbor" provision, subsection 11(c)(2), provides as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The

2

motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A. G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)). *See also Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses .... They may be imposed for the purpose of deterrence, compensation and punishment.") (internal quotations and citations omitted).

An objective standard of reasonableness under the circumstances governs whether a party violates Rule 11. *Didie*, 988 F.2d at 1104. A federal district court must evaluate whether the motion, pleading or other paper reflected what could reasonably have been believed by the signer at the time of signing. *Id*. Rule 11 sanctions are warranted in three scenarios: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. *See Didie*, 988 F.2d at 1104 (citations omitted); *Kaplan*, 331 F.3d at 1255 (citations omitted).

To allege a constitutional violation based on a failure to train, the plaintiff "must demonstrate that the supervisor had 'actual or constructive notice that a particular omission in their training program causes [his or her] employees to violate citizens' constitutional rights,' and that armed with that knowledge the supervisor chose to retain that training program." *Keith v. DeKalb County, Georgia,* 749 F.3d 1034, 1052 (11th Cir. 2014) (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 159 (2011)). To establish that a supervisor was on actual or constructive notice of the deficiency of training, the plaintiff must ordinarily show that a pattern of similar constitutional violations by untrained employees existed. *Id.*

The City argues that Whitehead's failure to train claim against it had no reasonable chance of success because Florida requires law enforcement officers to comply with the requirements of the Criminal Justice Standards and Training Commission and maintain certification through ongoing training. Therefore, it could not be "deliberately indifferent" to the training needs of a certified police officer regarding the use of force. The City states that Officer Palmer and Officer Theirs were at all times relevant to these proceedings Florida certified law enforcement officers. Therefore, Whitehead would not be able to meet the stringent standard of fault required for a claim against the City on this basis.

The City has not made a sufficient showing that Plaintiff's failure to train claim was frivolous and *completely* lacked a factual or legal basis, or had no reasonable chance of success. Although a review of this case demonstrates that Plaintiff's complaint lacked sufficient allegations to sustain this claim on a Motion to Dismiss; the claim was not objectively frivolous and the City makes no showing of conduct by Plaintiff so egregious

as to be tantamount to bad faith. Although "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train," *id.* at 159.; it is nonetheless a plausible claim under current law.

Although the City states in its safe harbor letter to Whitehead that the officers were certified by the state, the state requirements for certification alone may not have relieved the City of liability. Whether the officers were subject to the state requirements and actually received the required training and certification are issues of fact which would have been developed through discovery. The City recognized this factual issue in its safe harbor letter where it indicated that it would set the Training and Research Manager's deposition and move for summary judgment, and then seek attorney's fees if the Court denied the Motion to Dismiss. Therefore, the Court concludes that Rule 11 sanctions are not warranted at this time.

It is therefore ORDERED AND ADJUDGED that Defendant City of Bradenton's Motion for Sanctions Pursuant to Rule 11 (Dkt. #31) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of October, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2845 osc 31 sanctions.docx