UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDI BRENT WHITEHEAD,

    Plaintiff,

v.                                        Case No: 8:13-cv-2845-T-30MAP

CITY OF BRADENTON, THE ROTARY
CLUB OF WEST BRADENTON, INC.,
WALTER SCOTT REED, MATTHEW
PALMER and BRIAN THIERS,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendants Brian Thiers and Matthew Palmer's Motion for Partial Summary Judgment as to Damages (Dkt. #70), Plaintiff's Response to Defendants' Motion for Partial Summary Judgment as to Damages (Dkt. #79), Plaintiff's Amended Response to Defendants' Motion for Partial Summary Judgment as to Damages (Dkt. #85), and Defendants' Reply (Dkt. # 86). Upon review and consideration, it is the Court's conclusion that the Motion should be granted in part.

### *Background*

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that on November 7, 2009, Matthew Palmer and Brian Thiers, police officers for the city of Bradenton (the "Officers") falsely arrested her without probable cause and used excessive force in violation of her constitutional rights under the Fourth and Fourteenth Amendments. She

alleged in her complaint that one of the Officers forcibly lifted her out of her seat, carried her to another location, and threw her on the floor for no apparent reason. She also alleges that the Officers pushed her to the ground and slammed her against a truck several times. Plaintiff seeks declaratory and compensatory relief and costs including her attorney's fees.

The Officers' counsel deposed Plaintiff on two occasions: December 2, 2014, and January 26, 2015. In her depositions, Plaintiff identifies several injuries which she attributes to the Officers' use of excessive force. Plaintiff asserts that she sustained swelling, abrasions, and bruising as well as injury to her head (a "concussion"), neck, hands, back and right arm, including a torn rotator cuff in her right shoulder. Plaintiff also admits that she had injuries to all of these body parts prior to the arrest which she incurred as a result of various accidents including two car accidents, a workplace accident, a trip and fall accident and an accident in an airplane where she sustained physical trauma from a falling suitcase. However, she asserts that after the 2009 arrest her doctor examined her shoulder and performed an MRI and found a torn rotator cuff. She had diagnostic tests completed prior to this incident in 2006 when she tripped and fell and had some bruising to that same shoulder; the prior tests did not reveal a tear.

In response to opposing counsel's questions regarding symptoms, pain levels, and treatment of the medical injuries which directly resulted from the arrest, Plaintiff admitted that "[t]his is confusing, because you're wanting me to break out, and some of it may be an aggravation of past, and I don't know, and the doctors need to be the ones to medically be the experts,…." She further stated that "… it would be best to talk to the doctors and ask

them what problems, because I tell them what problems I'm having, and they address them. So it would be best to stick with the experts…."

Although Plaintiff readily admits that experts are in the best position to explain her injuries and their causes, she identifies none that will testify on her behalf. Plaintiff did identify many of the doctors she visits for all of her medical problems, but cannot identify one of them who attributes her injuries to the Officers' use of force. She apparently produced medical records at one of the depositions, but, none are in the Court's record.

## *Discussion*

### I.     **Legal standard**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id*. Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id*. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

As long as the nonmoving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Id.* at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

## II.     The Officers' Motion for Partial Summary Judgment

Defendants Matthew Palmer and Brian Thiers move for partial summary judgment on the issue of damages for medical costs, lost wages, lost earning capacity, and loss of reputation. Defendants argue that although the parties have engaged in substantial discovery Plaintiff has not identified any expert witnesses, and testified at her deposition that her treating physicians have not issued an opinion regarding the cause of her injuries.

In addition to Plaintiff's failure to support her medical injury claims, the Officers also argue that Plaintiff cannot prove any lost wages because she was unemployed at the time of the incident and receiving compensation from unemployment and disability

benefits. Additionally, the Officers request summary judgment on Plaintiff's claims for damages for loss of reputation because she has not identified one person who has a negative opinion of her as a result of her arrest and therefore, the Officers argue, Plaintiff cannot prove any damages related to a loss of reputation.

### a. Damages Related to Physical Injuries and Medical Costs

"Although proximate causation in the § 1983 context is a question of federal law, in determining the meaning of the concept courts look to state tort analogs, … principles of causation borrowed from tort law are relevant to civil rights actions brought under § 1983." *Barnes v. Anderson*, 202 F.3d 150 (2d Cir. 1999) (internal quotation marks omitted.) *See also Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961) ("[§ 1983] should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions.") *overruled on other grounds, Monell v. Department of Soc. Serv. of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Under Florida law, the Plaintiff in general bears the burden of proving causation. *See e.g., Reaves v. Armstrong World Industries, Inc.,* 569 So. 2d 1307, 1309 (4th DCA 1990). The Plaintiff "must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough." *Id.* at 1309 (quoting *Gooding v. University Hospital*, 445 So. 2d 1015 (Fla. 1984)). *See also Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641, 647 (11th Cir. 1990) ("Florida has adopted a preponderance standard for causation in both negligence and strict liability actions; a mere

possibility of causation is not enough."). Plaintiff must come forward with admissible evidence on the issue of medical causation in order to demonstrate that there is a material issue of fact that should preclude summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

In the negligence context under Florida law, "lay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable." *Jones v. Royal Caribbean Cruises, Ltd.*, 12-20322-CIV, 2013 WL 8695361, at *6 (S.D. Fla. Apr. 4, 2013) (quoting *Crest Prods. v. Louise*, 593 So. 2d 1075, 1077 (Fla. 1st DCA 1992)). Florida courts have held that a plaintiff's back pain and other soft tissue injuries are not "readily observable" medical conditions. *Louise*, 593 So. 2d at 1077; *see also Vero Beach Care Center v. Ricks*, 476 So. 2d 262, 264 n. 1 (Fla. 1st DCA 1985). ("Soft-tissue injuries, such as lower back difficulties, are not readily observable, and hence are not susceptible to evaluation by lay persons."); *Scott v. United States*, 127 F. Supp. 422, 424 (N.D. Fla. 1955) (stating that "it has been consistently held that whether there was a causal connection between an accident ... [and a sustained injury] ... is a question with respect to which only medical experts with training, skill, and experience could ... express an intelligent opinion").

In cases like this one, where Plaintiff sustained injuries which may derive from multiple possible causes including the underlying incident at issue in this case, experts are required to establish causation for such complex injuries. *See Barnes*, 202 F.3d at 159 (holding that under § 1983 and New York law a plaintiff who sought to attribute her miscarriage to a courtroom incident months earlier in which she was allegedly subjected to

6

verbal and physical mistreatment notwithstanding the fact that she had been physically assaulted shortly before the miscarriage had to submit expert testimony).

The Court concludes that partial summary judgment is appropriate on the issue of Plaintiff's damages related to her medical injuries and associated costs. Plaintiff may not testify regarding her concussion, torn rotator cuff, or any other injury that is not "readily observable." Further, Plaintiff may not testify regarding any treatment she received or has been advised to receive regarding these injuries. Plaintiff may offer testimony regarding her "readily observable" physical injuries including the bruising, swelling, abrasions and the immediate pain she experienced as a result of the arrest.

If Plaintiff offers her treating physicians as witnesses regarding her readily observable injuries, they may only testify as lay witnesses regarding the general course of Plaintiff's medical treatment. *See Cruz v. United States*, 2013 WL 246763, No. 12–21518–CV, at *5 (S.D. Fla. Jan 22, 2013) (excluding treating physicians' statements as expert opinions because they failed to comply with either Rule 26(a)(2)(B) or 26(a)(2)(C), but noting that they may testify as lay witnesses). *See also Jones*, 2013 WL 8695361, at *7 (permitting treating physicians identified in the pretrial disclosures to testify regarding the general course of plaintiff's medical treatment because they can be cross-examined on their inability to either prove causation or discount the effect of other degenerative factors relevant to pain unrelated to the incident). However, the Court limits the Plaintiff's treating physicians' testimony, if any, to opinions which are based on facts of which they have personal knowledge. *See Straw v. Aquatic Adventures Mgmt. Group, Inc.*, 5:11-CV-102/RS-CJK, 2011 WL 6099538, at *1 (N.D. Fla. Dec. 7, 2011).

### b. Lost Wages

A plaintiff must demonstrate not only reasonable certainty of injury, but must present evidence which will allow a jury to reasonably calculate lost earning capacity to support a claim for lost wages. *See Auto–Owners Ins. Co. v. Tompkins*, 651 So. 2d 89 (Fla. 1995). "[A] plaintiff's pre-injury earnings provide a basis for measuring his lost past wages." *Deakle v. John E. Graham & Sons*, 756 F.2d 821, 829 (11th Cir. 1985). As to future lost wages, "[t]he goal is to replicate as accurately as possible, in annual installments, the injured plaintiff's lost stream of future income." *Id*. at 830. In measuring lost future wages, the factfinder must determine the "yearly differences between what [the injured party] would have earned had he not been injured and what his forecasted actual earnings would be, given his injuries." *Id*.

The Officers assert that they are entitled to judgment as a matter of law because Plaintiff cannot specifically identify how the 2009 arrest affected her ability to work or obtain work. Plaintiff counters by stating that although she was still able to and actively sought work after the arrest, it became more difficult for her because of the injuries she sustained.

Plaintiff did not identify a specific amount of lost wages for which she claims entitlement as a result of the 2009 arrest. At the time of the arrest, Plaintiff was receiving compensation from her disability and unemployment benefits; her arrest and subsequent injuries apparently had no negative effect on either.  Further, although Plaintiff is currently a licensed attorney in the State of Florida, she did not practice law prior to the 2009 arrest. She is currently employed as in-house counsel for her husband's construction company

8

and works five hours a week. Prior to that she had two assistant level positions within two law firms working part-time. Plaintiff also maintained voluntary positions in committees of the Florida Bar and the American Bar Association ("ABA").

Although Plaintiff was not working at the time of the 2009 arrest, the Court is reluctant to find, as a matter of law, that Plaintiff cannot establish *any* damages for lost wages. *See Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000) (holding that district court erred in entering judgment in favor of the officers simply on the grounds that plaintiff failed to present evidence of medical expenses, missed work, or lost income). Therefore, the Court denies summary judgment on this issue.

The Court is willing to re-examine this issue after hearing testimony at trial and can address it on a motion for directed verdict. *See W.R. Grace & Co.-Conn. v. Pyke*, 661 So. 2d 1301, 1303 (Fla. 3d DCA 1995) (holding that while there was some evidence of an injury, absent expert or lay testimony regarding the employment market for someone in plaintiff's position and plaintiff's total disability or inability to work, evidence was insufficient to support a claim for loss of future earning capacity requiring a directed verdict on the claim.)

### c. Loss of Reputation

"[U]nder the law a § 1983 plaintiff also may be awarded compensatory damages based on demonstrated mental and emotional distress, impairment of reputation, and personal humiliation." *Slicker*, 215 F.3d at 1231 (holding that a plaintiff is entitled to "present evidence and seek damages based on any monetary loss, as well as any physical pain and suffering or mental and emotional anguish that he may have incurred as a result

9

of the officers' alleged misconduct."). Damages awarded for injury to reputation and mental and emotional distress, "must bear some reasonable relation to the facts of the case," but ultimately "such an award is left to the discretion of the jury…." *Albritton v. Gandy*, 531 So. 2d 381, 388 (Fla. 1st DCA 1988) (internal citations and quotation marks omitted).

The Officers argue that they are entitled to judgment as a matter of law because Plaintiff has not named a single person who perceived her in a negative way as a result of the arrest nor has she produced any "concrete testimony" of any associated economic loss.

In her complaint, Plaintiff asserted injury in the form of "humiliation, embarrassment, inconvenience and irreparable harm to her reputation." Plaintiff asserts that her booking photograph, taken after her arrest, appeared on several websites which negatively affected relationships with family and professional colleagues. She identified two individuals who were present at the scene of the arrest who may have a more negative view of her as a result. She points to two volunteer positions with the ABA which she lost after the arrest. Further, she had to report the arrest to the Florida Bar when she sought admission as an attorney and it conducted an investigation into the incident as part of her application process. Plaintiff also argues that the arrest will have an ongoing negative effect on her reputation since she will have to notify future employers of the arrest, if asked.

The Court concludes that the determination of whether the Plaintiff is entitled to damages for any loss to her reputation and other emotional injuries is a fact issue for the jury. Therefore, the Court denies the Officers' summary judgment on this issue.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants Brian Thiers and Matthew Palmer's Motion for Partial Summary Judgment as to Damages (Dkt. #70) is GRANTED in part as stated herein.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of April, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-2845 partial sj 70.docx